IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DOUGLAS STERNIG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT ALLSTATE TEXAS LLOYD'S, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Texas Lloyd's, Inc. in Cause No. 2016CI14463, pending in the 225th Judicial District Court of Bexar County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1     On or about August 26, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Douglas Sternig v. Allstate Texas Lloyd's, Inc.,* Cause No. 2016CI14463, pending in the 225th Judicial District Court of Bexar County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy with Allstate Texas Lloyd's.

1.2     Plaintiff served Defendant Allstate Texas Lloyd's, Inc. ("Allstate") with Plaintiff's Original Petition and process on October 17, 2016, by certified mail on its registered agent, CT Corporation System.

2592368v1
03646.847

1.3     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit A is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court.  Attached as Exhibit B is a copy of the docket listing and all documents filed in the state court action are attached as Exhibits B-1 through Exhibit B-3 as identified on the Index of State Court Documents.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Bexar County in the State of Texas and thus, is a citizen of Texas.  *See* Plaintiff's Original Petition, ¶ 3.  On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     With respect to Defendant, Allstate Texas Lloyd's, Inc., a Texas corporation, with its principal place of business in Illinois, Plaintiff has fraudulently joined, or fraudulently misjoined, Allstate Texas Lloyd's, Inc. in this action.  The party that issued the Plaintiff's homeowners policy in this case, and who is the only proper Defendant, is Allstate Texas Lloyd's.  *See* Policy Declaration Pages, Exhibit C. Allstate Texas Lloyd's was, and at the date of this

Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:   1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.  Allstate Texas Lloyd's is not a citizen of the State of Texas.

### B. DEFENDANT, ALLSTATE TEXAS LLOYD'S, INC., HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.

2.5    Courts recognize an exception to the complete diversity rule where a defendant has been improperly joined in an action.  *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 542 (5th Cir. 2004); *Smallwood v. Illinois Cent. R. Co.,* 352 F.3d 220, 222 (5th Cir. 2003).  Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear."  *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

2.6     The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant."  Id.  The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the Plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  Id.

2.7     Any claims that Plaintiff has are against Allstate Texas Lloyd's, the company that issued the homeowners policy.  *See* Policy Declaration Pages, Exhibit C.  Allstate Texas Lloyd's, Inc. is the attorney-in-fact for Allstate Texas Lloyd's.  *See* Affidavit of Kathleen B. ScarBrough, Exhibit D.  Allstate Texas Lloyd's, Inc. does not issue insurance policies.  *See* Exhibit D.  More specifically, Allstate Texas Lloyd's, Inc. did not issue the policy that is in controversy in this case.  *See* Exhibit C.  Plaintiff has no claim against Allstate Texas Lloyd's, Inc.[3]  *See* Exhibit E, *Martinez v. State Farm Lloyd's,* 2006 WL 3147505, *1 (5th Cir. 2006) (not designated for publication pursuant to 5th Cir. R. 47.5) (affirming dismissal of State Farm Lloyd's Inc. because it had no liability to insured);  see also *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (noting that the citizenship of an attorney-in-fact, such as Allstate Texas Lloyd's, Inc., through whom a group of underwriters act to issue insurance, is irrelevant for jurisdictional purposes).

2.8     Any claim against Allstate Texas Lloyd's, Inc. for breach of contract, or any other claim, is clearly invalid as a matter of law and is inconsistent with Plaintiff's assertion of a breach of contract claim against the company that issued the policy and extra-contractual claims

---

[3] Under former Article 18.17 under the Texas Insurance Code, an action could be brought against the attorney-in-fact.  *See* Act. of 1951, 52nd Leg., ch. 491, *repealed by* Act of 1987, 70th Leg., ch. 46, § 12, eff. Sept. 1, 1987.

stemming from that alleged breach.  *See* Martinez, 2006 WL 3147505 at * 1.  Accordingly, there is no reasonable basis to predict that Plaintiff might be able to recover against Allstate Texas Lloyd's, Inc.  Plaintiff cannot establish any cause of action against Allstate Texas Lloyd's, Inc.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.9     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."[4]  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.10    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiff's claim.

2.11    Plaintiff seeks direct and indirect consequential damages.  *See* Plaintiff's Original Petition, ¶ 46.  Plaintiff seeks 18% interest.  *See* Plaintiff's Original Petition, ¶ 47. Plaintiff seeks

---

[4] Plaintiff's policy limits exceed $75,000 and satisfy the jurisdictional amount.

---

exemplary damages. *See* Plaintiff's Original Petition, ¶ 48.  Plaintiff seeks three times actual damages. *See* Plaintiff's Original Petition, ¶ 46.  Plaintiff seeks attorney's fees.[5]  *See* Plaintiff's Original Petition, ¶ 46.  Plaintiff seeks post judgment interest as allowed by law.  *See* Plaintiff's Original Petition, ¶ 47.   As such, Plaintiff's claim for compensatory, treble and exemplary damages, attorney's fees, penalties, and interest greatly exceeds $75,000.00.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Allstate was first served with Plaintiff's Original Petition and process on October 17, 2016.   This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Defendant files this Notice.

---

[5] Regardless of the amount of actual damages sought, claims for attorney's fees through trial in a case of this nature can be significant. *See State Farm Lloyd's v. Hanson,* No. 14-15-0093-CV (Tex. App. Houston [14th Dist.]  June 30, 2016).

**IV.**
**CONCLUSION**

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyd's, Inc. hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Vanessa A. Rosa*
Vanessa A. Rosa
State Bar No. 24081769
Roger D. Higgins
State Bar No. 09601500
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Fax:                (214) 871-8209
vrosa@thompsoncoe.com
rhiggins@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**ALLSTATE TEXAS LLOYD'S, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that on November 16, 2016, a copy of this document was served to all counsel of record via electronic notice and/or certified mail, return receipt requested to:

Thomas C. Mayo
The Mayo Law Firm, PLLC
6430 Wellington Place
Beaumont, Texas 77706
thomas@themayolawfirm.com

*/s/ Vanessa A. Rosa*
Vanessa A. Rosa

---

2592368v1
03646.847