CAUSE NO. **2016CI14463**

| | | |
|---|---|---|
| **DOUGLAS STERNIG** | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| **ALLSTATE TEXAS LLOYD'S, INC.** | § | **225** ___ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DOUGLAS STERNIG Plaintiff herein, who complains of ALLSTATE TEXAS LLOYD'S, INC., Defendant herein, and for cause of action would respectfully show the Court the following:

#### A. Discovery Control Plan

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

#### B. Parties

2. Plaintiff, DOUGLAS STERNIG, is an Individual who resides in Bexar County, Texas.

3. Defendant, ALLSTATE TEXAS LLOYD'S, INC., hereinafter "ALLSTATE" is a domestic for-profit Texas corporation, doing business in the State of Texas and authorized to conduct business on behalf of the Underwriters of Allstate Texas Lloyd's with the fullest authority for the handling of claims and may be served with process by serving Agent for Service, C T Corporation System at 350 North St. Paul Street, Dallas, TX 75201.


EXHIBIT B-1

### C. Jurisdiction

4. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

5. The Court has jurisdiction over Defendants ALLSTATE because Defendant is a citizen of the State of Texas and/or engage in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

### D. Venue

6. Venue is proper in Bexar County, Texas because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

7. Plaintiff was the owner of **Texas Homeowner's Policy number 000929584190** issued by Defendant, ALLSTATE (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at 454 Sprucewood, San Antonio, Texas 78216.

8. Defendant, ALLSTATE, sold the policy, insuring the property, to Plaintiff or Plaintiff's predecessors in interest.

9. Plaintiff submitted a claim to Defendant with date of loss April 12, 2016, for wind and/or hail damage to the dwelling and contents of the home.

10. Defendant assigned claim number **0409324670** to Plaintiff's claims.

11. Defendant failed to adjust the claim and summarily denied at least a portion of the claim without an adequate investigation.

12. Defendant wrongfully denied Plaintiff's claim for repairs of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

13. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendant. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

14. Defendant misrepresented to Plaintiff that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE.Section 541.060(1).

15. Defendant failed to make an attempt to settle Plaintiff's claims in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE.Section 541.060(2).

16. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did they provide any explanation for the failure to adequately settle Plaintiff claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE.Section 541.060(3).

17. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or

3

rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(4).

18. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE.Section 541.060(7).

19. Defendant failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff claims within fifteen (15) days of receiving notice of Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.055.

20. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.056.

21. Defendant failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff have not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE.Section 542.055.

22. From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes breaches of the common law duty of good faith and fair dealing.

23. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

24. Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### F. Causes of Action

### Causes of Action Against Defendant

25. Defendant, ALLSTATE, is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act*, and intentional breach of good faith and fair dealing.

### G. Breach of Contract

26. Defendant, ALLSTATE's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

27.     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes breaches of the insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Chapter 541: "Unfair Competition and Unfair Practices Act"

28.     Defendant, ALLSTATE, conducts constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

29.     Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

30.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonable clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

32.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

33.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

36.     Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

37.     Defendant's failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

38.     Defendant's delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

### Breach of the Duty of Good Faith and Fair Dealing

38. Defendant, ALLSTATE, conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

39. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### H. Knowledge and Intent

40. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### I. Texas Deceptive Trade Practices Act

41. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42. At all times material hereto, Plaintiff was a consumer who purchased insurance services from Defendant, ALLSTATE. Defendant, ALLSTATE has violated the Texas Deceptive Trade Practices Act in the following manners:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

   c. Disparaging the goods, services, or business of another by false or misleading representation of facts;

8

d.  Advertising goods or services with intent not to sell them as advertised;

e.  Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

f.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

g.  Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

h.  Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

i.  Engaging in an unconscionable course of conduct

### J. Damages and Prayer

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, DOUGLAS STERNIG, complains of ALLSTATE TEXAS LLOYD'S, INC., and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

44. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

45. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claims, together with attorney's fees.

46. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts

complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.060.

47.    For noncompliance with *Texas Prompt Payment of Claims Act,* Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

48.    For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE MAYO LAW FIRM, PLLC


/s/ Thomas C. Mayo
Thomas C. Mayo
State Bar No. 24032703
470 Orleans
Beaumont, Texas 77701
(409) 781-4114/(409) 242-5544 FAX
ATTORNEYS FOR PLAINTIFF


## JURY DEMAND

Plaintiff respectfully demands a trial by jury.


/s/Thomas C. Mayo
Thomas C. Mayo

10